IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Odessa Willis Robbins, | ) | |
| | ) | CA No. 2:11-542-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Odessa Willis Robbins (Robbins), brought this action under 42 U.S.C. § 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Security Income benefits (SSI) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 21.)[1] The Report recommends affirming the decision of the Commissioner to deny SSI. The court adopts the Report and affirms the denial of SSI.

**I.**

Plaintiff filed an application for SSI on August 2, 2006, alleging that she became disabled as of July 1, 2005 due to asthma and migraine headaches. Her SSI application was denied

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on April 3, 2009. On April 29, 2009, the ALJ issued a decision denying Robbins' SSI claim. Robbins requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner. In his determination, the ALJ made the following findings:

> (1) The claimant has not engaged in substantial gainful activity since August 2, 2006, the application date (20 CFR 416.971 *et seq*.).
> 
> (2) The claimant has the following severe impairments: asthma and migraine headaches (20 CFR 416.920(c).
> 
> (3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
> 
> (4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b), except that she is limited to routine, repetitive tasks and should avoid concentrated fumes.
> 
> (5) The claimant is unable to perform any past relevant work (20 CFR 416.965).
> 
> (6) The claimant was born on May 17, 1965 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed. (20 CFR 416.963).
> 
> (7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
> 
> (8) Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2.
> 
> (9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).
> 
> (10) The claimant has not been under a disability, as defined in the Social Security Act, since August 2, 2006, the date the application was filed (20 CFR

416.920(g)).

Robbins then filed this action on March 8, 2011. The magistrate judge filed the Report on April 25, 2012, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Robbins timely filed objections to the Report on May 9, 2012. (Dkt. No. 22.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to

assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

In the Report, the magistrate judge recommends finding that the ALJ (1) performed a proper listing analysis; (2) performed a proper credibility analysis; (3) properly discounted Dr. Porter's (Porter) assessment; and (4) performed a proper residual functional capacity (RFC) analysis. Robbins raises several objections to the Report: she argues the ALJ failed to perform a proper listing analysis; failed to perform a proper credibility determination; and improperly rejected Dr. Porter's assessment.[2] The court finds each of these objections unpersuasive and will address each in turn.

### A.

First, Robbins argues that the ALJ failed to perform a proper listing analysis by failing to "perform any kind of analysis of the claimant's impairments in combination."[3] Robbins argues that her impairments, when considered in combination, equal Listing 3.03 Asthma, a listed impairment. As the magistrate judge articulates, even if a plaintiff's impairment doesn't meet the listing criteria, an impairment may be medically equivalent to a listing when a combination of impairments, not specifically listed, is at least equal in severity and duration to the criteria of the listing. 20 C.F.R. §§ 404.1526(a), 416.926(a). However, to use this method, the plaintiff must "present medical findings equal in severity to **all** the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 530–31 (1990) (emphasis in original). As noted by the magistrate judge, the ALJ, and the Commissioner, Robbins did not present medical

---

[2] The court notes that Robbins has abandoned her arguments as to the RFC assessment.

[3] She essentially argues that substantial evidence does not support the ALJ's determination because the ALJ did not perform the proper analysis.

evidence establishing that her combination of impairments equaled the criteria of Listing 3.03. That of course, is the plaintiff's burden. *See* 42 U.S.C. § 423(d)(5)(A) (the burden of establishing disability under the Listings is on the claimant); 20 C.F.R. § 416.912( c); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).[4] Furthermore, as noted in the Commissioner's response, the ALJ considered the entirety of the medical record. (Dkt. No. 23 at 2–3.) Accordingly, the court adopts the recommendation of the magistrate judge.

**B.**

Next, Robbins argues that the ALJ erred by citing only a few portions of the record in his credibility determination. She lists a number of events allegedly left out of the ALJ's analysis.

However, the court holds that the ALJ properly considered the medical evidence. In assessing Robbins' credibility, the Commissioner, ALJ, and magistrate judge point to the following medical evidence that did not support the extreme limitations alleged by Robbins:

- She testified that she had been treated in the hospital three or four times for asthma in the year preceding the hearing; no medical evidence supported this testimony.

- She alleged constant and disabling symptoms related to her asthma and other respiratory impairments, yet treating physicians repeatedly noted that her chronic respiratory difficulties responded to treatment and, when she received treatment, she experienced mild wheezing and normal airflow on spirometry tests, with clear lung fields.

- She experienced increased symptoms and breathing problems during acute and intermittent episodes of respiratory ailments (i.e., pneumonia, viral pleurisy, complications from a bronchoscopy, and an adverse reaction to breathing Clorox and ammonia fumes), but these episodes also responded to treatment and did not last a continuous period of 12 months during the five-year period relevant to this case.

- Despite her allegations of frequent and severe headaches, she sought

---

[4] As established by the magistrate judge, Robbins has introduced no evidence suggesting—or even alleged that—she ever suffered asthma attacks requiring physician intervention at the rate required by the listing. (Dkt. No. 21 at 6–7.)

- intermittent treatment for headaches and did not regularly report headaches to her medical providers. For example, after receiving a prescription for headache, she was advised to return in 4-6 weeks but did not return for 14 months. She did not return for a follow-up at that point for another 12 months, despite complaining about increased headache pain.

- She complained about knee pain, assessed as tendinitis in her right knee and osteoarthritis in both knees, but the objective findings repeatedly showed that she had no deformities or muscle loss in her extremities and had normal sensation and good muscle tone and strength.

- Lastly, she alleged that she could not work because of shortness of breath and other subjective symptoms, but, despite spending most days watching television and lying in bed, she performed normal activities (driving, shopping, household chores).

(Dkt. Nos. 21 at 9–11, 23 at 3–5.) What the ALJ did here is weigh the evidence presented, in line with his duty. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the . . . ALJ."); *Edge v. Astrue*, 627 F.Supp.2d 609, 612 (E.D.N.C. 2008) ("It is the duty of the administrative law judge to make factual findings, evaluate the credibility of witnesses, and weigh contradicting evidence.") (citations omitted). In light of the conflicting evidence, the ALJ determined that Robbins' testimony was not credible. Accordingly, the court adopts the magistrate judge's recommendation.

## C.

Lastly, Robbins alleges that the ALJ improperly discarded Dr. Porter's opinion because it was not supported by evidence in the record.

The SSA accords significant weight to opinions of treating medical providers because they are best able to provide "a detailed, longitudinal picture" of the claimant's alleged disability.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, this rule "does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to a medical provider's opinion, especially if that opinion is "not supported by clinical evidence *or if it is inconsistent with other substantial evidence*," in which case that opinion "should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (emphasis added); *see also Johnson v. Barnhart*, 434 F.3d 650, 656 n.8 (4th Cir. 2005) (finding substantial evidence supported the ALJ's decision to discount a treating physician's opinion where the claimant's admissions regarding her activities contradicted the physician's assessment); *Craig*, 76 F.3d 585 at 590 (stating that the ALJ properly rejected a treating physician's opinion where the opinion was not supported by the physician's own treatment notes).

Here, Porter stated that Robbins could occasionally lift and/or carry less than 10 pounds; stand and/or walk 1 to 2 hours daily; and never perform any postural activities. Additionally, Porter stated that Robbins could not work at heights, around moving machinery or extreme temperatures, dust, chemicals, and fumes. However, the ALJ found that these limitations were inconsistent with the other objective medical evidence, including Porter's own treatment notes. For example, treatment notes, including Porter's, stated that Robbins' respiratory issues responded to treatment, and she experienced normal air flow and slight wheezing. Other objective findings, as noted by the Commissioner, showed normal physical examinations. Lastly, Robbins drives, shops, performs household chores, and generally takes care of her own needs—activities inconsistent with Porter's extreme limitations. Accordingly, the court holds that

substantial evidence supports the ALJ's determination.

## IV.

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Robbins' impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Robbins' arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Robbins has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the magistrate judge. The court adopts the Report and its recommended disposition. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Robbins was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

    **IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
September 13, 2012